GREGORY J. NELSON
26.201, ISCI, Unit # 13-D-79A
P.O. Box 14
Boise, Idaho 83707-0014

Pro Se Petitioner

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| GREGORY JOSEPH NELSON, )<br><br>      Petitioner, )<br><br>vs. )<br><br>RANDY BLADES, Warden, )<br>Idaho State Correctional )<br>Institution, )<br><br>      Respondent. )<br>_____ ) | Case No. CV 04-001-S-LMB<br><br>MOTION FOR LEAVE OF COURT<br>TO FILE SUPPLEMENTAL<br>PETITION FOR WRIT OF HABEAS<br>CORPUS |

NOW COMES the Petitioner, and hereby moves this Honorable Court for its Order whereby granting Petitioner permission to file a supplemental petition for writ of habeas corpus.

This Motion is made upon the records and files of this case, Rule 15(d), FRCP; and based upon the following:

The Proposed Supplemental Petition for Writ of Habeas Corpus is submitted contemporaneously herewith.

Rule 15(d), FRCP, governs circumstances in which parties are allowed to supplement original (or amended) pleadings to encompass events that have transpired since the earlier pleadings were filed.

There is no absolute right to file a supplemental pleading. Zenith Radio Corp. v. Hazeltine Research, Inc., 401 U.S. 321,

MOTION FOR LEAVE TO FILE SUPPLEMENTAL HABEAS PETITION - 1

91 S.Ct. 795, 28 L.Ed.2d 77 (1971). See e.g., Weeks v. New York, 273 F.3d 76, 88 (2nd Cir. 2001)(acknowledging that supplemental pleadings that have a relationship with original pleading are normally freely permitted, but holding that denial of supplemental  pleading motion is within district court's discretion - even when opposing counsel does not object - when motion was presented to court on Friday preceding beginning of Monday trial and "the granting of the motion would potentially ᴋᴀᴠᴀXᴀᴋXᴋXᴀᴀ have entailed an amended pretrial order, additional documents and additional witnesses (with any associated evidentiary issues), additional briefing, an expanded jury charge, and a longer trial than anticipated").

Federal Courts grant leave to supplement when the supplemental pleadings will not unfairly prejudice other parties. Please see e.g., Quaratino v. Tiffany & Co., 71 F.3d 58, 66 (2nd Cir. 1995)("Leave is normally granted, especially  when the opposing party is not prejudiced").

When the claims addressed in a proposed supplemental pleading are related to the transaction or occurrence that gave rise to the original pleadings, and no other considerations of fairness weigh against hearing the supplemental pleading, courts generally  permit the supplemental pleading. Please see e.g., Keith v. Volpe, 858 F.2d 467 (9th Cir. 1988). City of Hawthorne v. Wright, 493 U.S. 813, 110 S.Ct. 61, 107 L.Ed.2d 28 (1989)(noting that use of Rule 15(d) is "favored"). Please see also, Weeks v. New York, 273 F.3d 76, 88 (2nd Cir.2001)

MOTION FOR LEAVE TO FILE SUPPLEMENTAL HABEAS PETITION - 2

(although other factors may be crucial, "[t]he threshhold consideration ... is whether 'the supplemental facts connect [the supplemental pleadings] to the original pleadings'").

Supplemental pleadings may be allowed even if it arises from a separate transaction but totally unrelated supplemental pleadings are disfavored. See e.g., Id. at 474 (noting that Rule 15(d) does not require "same transaction," but does require "some relationship").

Judicial decisions to grant or deny Rule 15(d) motions to supplement pleadings are generally based on the same factors of fairness courts weigh when considering motions to amend pleadings under Rule 15(a). See e.g., Klos v. Haskell, 835 F.Supp. 710, 715 (W.D.N.Y.1993), affirmed, 48 F.3d 81 (2nd Cir. 1995)(Rule 15(a) and (d) share same standard); See also, Glatt v. Chicago Park District, 87 F.3d 190 (7th Cir.1996)(under both Rule 15(a) and (d), court has authority to require substantiation of proposed amended or supplemental complaint, to ensure that motive is not simply to harass opponent).

Rule 15(d), FRCP, contains no restriction on the time in which to file a supplemental pleading. However, Courts may consider inappropriate delay in attempting to assert supplemental claims as grounds for denying leave to file it. See, e.g., Quaratino v. Tiffany & Co., 71 F.3d 58, 66 (2nd Cir.1995)(undue delay may be ground for denying supplemental pleading).

Moreover, a supplemental pleading is normally inappropriate if it attempts to introduce a new and distinct cause of action

MOTION FOR LEAVE TO FILE SUPPLEMENTAL HABEAS PETITION - 3

after the case has gone to final judgment. Please see, e.g., Planned Parenthood of Southern Arizona v. Neely, 130 F.3d 400, 402-03 (9th Cir.1997) (per curiam) (final judgment divested district court of jurisdiction; noting possible exception in circumstances where district court retained jurisdiction or where plaintiff's supplemental allegation is that defendant was attempting to thwart original judgment; held, normal remedy after judgment is entered is to bring the "supplemental" allegations in a separate lawsuit).

Supplemental pleadings should be restricted to events occurring since initiation of the suit. If the issues raised predate the original pleadings, supplemental pleadings are not the appropriate mechanism for raising them. Instead, a litigant should consider amending the original pleadings, pursuant to Rule 15(a) or (b), FRCP. Please see, e.g., Flaherty v. Lang, 199 F.3d 607, 613 n. 3 (2nd Cir.1999) (Rule 15(d) applies to events that arise subsequent to a pleading; Rule 15(a) applies to efforts to replead facts that occurred prior to original pleadings); Federal Deposit Insurance Corp. v. Knostman, 966 F.2d 1133, 1138 (7th Cir.1992)(identifying distinction between subdivisions of Rule 15).

Judicial decisions that change the applicable law appear not to be the sort of "occurrences or events" that might implicate Rule 15(d), FRCP. See, e.g., United States v. Hicks, 283 F.3d 380, 385 (D.C. Cir.2002) (Rule 15(d) is addressed to relevant new facts, not changes in law).

MOTION FOR LEAVE TO FILE SUPPLEMENTAL HABEAS PETITION - 4

In light of the fact that supplemental pleadings address only events that have occurred since the original pleadings were filed, no question normally arises as to whether supplemental pleadings relate back to the date the original pleadings were filed. However, where relation back is important to the supplemental pleadings, courts tend to apply the standards of Rule 15(c), FRCP, to determine whether relation back should be permitted. Please see, e.g., <u>Federal Deposit Insurance Corp.</u> <u>v. Knostman</u>, 966 F.2d 1133, 1138 (7th Cir.1992(using standards of Rule 15(c)).

In the instant case, Petitioner requests leave to file a supplemental petition for writ of habeas corpus, to supplement the following claims: 54 (¶ 272(e)(1)("Failure to investigate baby oil"); (¶ 272(qq(a) ("Failure to investigate Kori McNeil"); 26(D. <u>OTHER</u>)(also known as "7(D) OTHER"), under the heading: "THE POLICE, PROSECUTOR, OR OTHER ASSOCIATED WITH THE POLICE OR PROSECUTOR, WITHHELD FAVORABLE EVIDENCE FROM THE PETITIONER AND/OR THE DEFENSE IN VIOLATION OF THE FIFTH, SIXTH, FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION..."; and claims 9 and 10.

Parts of claims Nine and Ten (and is related to claim 26(D. OTHER), was raised by Petitioner's Appllate counsel in brief of appellant (and in the brief in support of petition for review before the Idaho Supreme Court), under the heading: "b. Non-Disclosed Evidence", Id. at pp. 26-27.

Claim 26(D. OTHER) was raised in Petitioner's Petition for Post-Conviction Relief as Claims 7(D. <u>OTHER</u>). The state

MOTION FOR LEAVE TO FILE SUPPLEMENTAL HABEAS PETITION - 5

district court, acting upon the state's motion to dismiss Petitioner's first UPCPA petition, completely failed to rule on Claim Seven "D. OTHER". The state, when requesting a dismissal of the petition, failed to specifically address Claim Seven "D. OTHER". (S.C. No. 27266; R. pp. 147-153; 182-213 (194-96). On appeal of SPOT-99-00773*D (Petitioner's first UPCPA petition) the Idaho Supreme Court denied Petitioner's request to proceed pro se and file a supplemental appellant's brief where Petitioner would have raised the claim seven D Other issue, and if Petitioner would have been permitted to proceed pro se and file a supplemental appellant's brief, that briefing would have resulted in a reversal back to the district court for further proceedings under the applicable case law, e.g., Gibbs v. Idaho, 103 Idaho 738, 653 P.2d 813 (Ct. App. 1982). Equally, had the Idaho Supreme Court granted review on Petitioner's request to proceed pro se and file a supplemental appellant's brief, a reversal back to the state district court would have resulted for the same reason, absent the court's failure to follow its own rules. The state district court also entered an order barring [Petitioner] from Filing Documents, unless Petitioner filed a pro se motion to proceed pro se and represent himself throughout the remainder of the first UPCPA case. (S.C. No. 27266, R. pp. 124-25). Petitioner also lodged with the state district court a Notice of Lodging, lodging, inter alia, the Clerk';s Record, case numbered HCR 21080, S.C. No. 22666, pp. 3-392. (S.C. No. 27266; R. pp. 93-94).

MOTION FOR LEAVE TO FILE SUPPLEMENTAL HABEAS PETITION - 6

Said Clerk's Record, shows that Petitioner, acting pro se, filed the following documents relating, inter alia, to requests for DNA testing of a towel (known as item 10, D.R. # 403-701, HCR 21080: S.C. No. 22666, Tr. pp. 368, ls. 6-21; 389-393): Motion for New Trial and Request for Oral Argument (S.C. No. 22666, R. p. 214); Memorandum in Support of Motion for New Trial and Request for Oral Argument (S.C. No. 22666, R. p. 225); Motion for Leave to Employ Defense Expert (S.C. No. 22666, R. p. 289); Motion for Postponement of Hearing (S.C. No. 22666, R. p. 292); Affidavit in Support of Motion for New Trial and Request for Oral Argument (S.C. No. 22666, R. p. 234, ¶ 10); Motion for Appointment of Counsel (S.C. No. 22666, R. p. 286). For more detailed information, please see, Petitioner's Memorandum in Support of Proposed Supplemental Petition for Writ of Habeas Corpus, filed contemporaneously herewith.

Identity was at issue at Petitioner's criminal trial, as is evidenced by a taped interview entered into evidence at trial of an interview between Petitioner and Detective Flaten:

DETECTIVE FLATEN: When we do these, at the time, at the hospital, when we send these tests off to the lab, the tests are done. What we've got at the hospital today, is there any reason that we are going to find a scientific match proving that that's you versus someone else? Is there any reason in the world.

PETITIONER NELSON: It has to be someone else.

(S.C. No. 22666, Tr. p. 796, ls. 17-25)

On June 25, 2001, Petitioner formally filed a Motion for Relief From Judgment. July 1, 2001, Idaho's DNA testing statute went into effect and required DNA testing to be requested "at

MOTION FOR LEAVE TO FILE SUPPLEMENTAL HABEAS PETITION - 7

any time" within the one-year alloted by I.C. § 19-4902(b). Petitioner did request said DNA testing of the towel (item # 10): Motion to Employ Experts, SPOT9900773D: "This motion is made upon the records and files herein, and 'Petitioner's First Affidavit in Support of Motion for Relief From Judgment, .... ' dated the 9th day of July, 2001, pp. 6-7, paragraphs 15...". Petitioner's First Affidavit in Support, p. 6, ¶ 14-15: "It appears to me that John Miller failed to perform ... nor is there any indication that John Miller performed any type of investigation during the instant case, etc., to support the allegations of my initial application. I specifically requested that he obtain affidavits, conduct depositions, perform DNA analysis,". (Exhibits filed by Petitioner in this Court). "By the way I want that "rag" or towel tested for everything as well as the swabs that FBI Agent Whitehurst tested or allegedly tested." Letter to John Miller from Petitioner, dated November 1, 2000. (Filed by Petitioner as an Exhibit in this case).

Nevertheless, the state district court denied my motions and the Idaho Supreme Court, as stated above, denied my request to proceed pro se and file a supplemental appellant's brief, both in the motion and on review, preventing me from raising the timely DNA request issue under the newly enacted DNA statute: I.C. § 19-4902(b). The pro se briefing required augmentation.[2]

Although Petitioner agrees that ineffective assistance of counsel  during a UPCPA case cannot be used as "cause" for the failure to develop or raise UPCPA issues, nevertheless,

MOTION FOR LEAVE TO FILE SUPPLEMENTAL HABEAS PETITION - 8

the case of Hernandez v. State, 133 Idaho 794, 992 P.2d 789 (Ct. App.1999), allows a successive application for post-conviction relief to be filed within a reasonable time following the appeal of the dismissal of the original post-conviction application and is not barred if the initial action was dismissed due to ineffective assistance from the attorney representing the inmate in that proceeding. Hernandez, 133 Idaho at 798, 992 P.2d 789 (citation omitted).

Petitioner did file a second application for post-conviction relief and raised, inter alia, that Petitioner was denied his Constitutional Right to the Effective Assistance of Counsel When Trial Cousel Failed to Investigate Critical Exculpatory Evidence, and used the failure of first post-conviction counsel to develop the claim. The Idaho Court of Appeals did not follow its own ruling in Hernandez, and the Idaho Supreme Court on review denied the same, despite the fact that it was shown that the issue was raised in the first UPCPA case, when applying the standards of liberal construction to pro se pleadings when reading in the first petition that trial counsel failed "to investigate baby oil". (Claim 54 ¶ 272(e)(1). The critical exculpatory evidence is the towel, item # 10.[1]

Petitioner has been attempting to get that DNA testing completed on that towel, recently, and virtually continuously since the 1995 motions referenced above, which were made prior to sentence and judgment being entered in the criminal case.

---

[1] This Court stayed the instant case in order for the second UPCPA petition to be resolved in the Idaho Appellate courts. Hence, it is an event which occurred after the filing of this case.

Also, back to the Second UPCPA Petition, the "Failure to Investigate Baby Oil" issue, as stated above, <u>was</u> <u>not</u> addressed or ruled upon by the state district court. Hence, the merits of it were never reached. Petitioner also filed certain Exhibits in the Second UPCPA case which supported, inter alia, the claim that Petitioner was denied the effective assistance of counsel when trial counsel failed to investigate critical exculpatory evidence (the towel). (Petitioner also filed a copy of those exhibits in the instant case). Those exhibits in the state district court disappeared and Petitioner had to resubmit them. During a hearing on December 19, 2003, because the prosecutor, Julianne Meehan, claimed that she did not again received the said exhibits, the state district court, Darla S. Williamson, permitted Julianne Meehan to take from that court's file the exhibits, copy them and return them after copying. (In the Notice of Appeal, Petitioner requested a transcript of all hearings be prepared. However, a transcript of the December 19, 2003 hearing was not prepared as requested). The Exhibits in which Julianne Meehan took from the state district court's file in case numbered SPOT-03-00547D (S.C. No. 30771) did not make it to the appellant Record as is evidenced by the Certificate of

2 The "augmentation" is referenced in the Affidavit attached to the Motion for Substitution of Counsel, S.C. No. 27266, filed on February 2, 2003, and exhibit letter attached thereto from Stewart Morris to Petitioner. Stewart Morris was counsel appointed for Petitioner during the motion for relief from judgment proceedings and the augmentation was of those proceedings. The SAPD refused to augment the record with those proceedings. It was Petitioner's plan to augment those proceedings as a mechanism to argue the DNA statute issue.

Exhibits:

I, J. DAVID NAVARRO, Clerk of the District Court of the Fourth Judicial District of the State of Idaho in and for the County of Ada, do hereby certify:
That there were no exhibits offered for identification or admitted into evidence during the course of this action. (S.C. No. 30771, R. p. 133).

The missing exhibits reduced the viability of trial counsel's failure to investigate issue under Hernandez, supra, on appeal, and completely eliminated the viability of other claims that were actually contained in those Exhibits: "5. Nelson asserts as additional grounds those set forth in his exhibits, namely letter to John Miller, dated November 1, 2000, and November 17, 2000. These additional grounds were presented to Nelson's first defense counsel for his first petition for post conviction relief, and were known at the time of the first petition. Nelson has failed to make a sufficient showing of why these issues were not addressed or how they were inadequately addressed. I.C. § 19-4908." (Notice of Intent to Dismiss, S.C. No. 30771, R. p. 78). Those exhibits demonstrated DNA testing issues of the towels. Because of the missing exhibits, Petitioner sent a letter to the FBI requesting an investigation of Julianne Meehan because she was the last person known to possess them. There is absolutely no record showing that she returned those exhibits to the state district court's file in case numbered SPOT-03-00547D, S.C. No. 30771. On January 5, 2006, Petitioner formally filed his Third Application for Post-Conviction Relief, CV-PC-2006-01180, raising issues related to DNA testing of item # 10 (the towel or "rag") and the missing exhibits.

MOTION FOR LEAVE TO FILE SUPPLEMENTAL HABEAS PETITION - 11

On or about August 2, 2005, Petitioner filed a Motion for an Order Directing the Ada County Sheriff and Boise Police Department to Release [the towel evidence] to Dennis Benjamin, Attorney at Law, for DNA testing, as Petitioner's mother was going to pay for that DNA testing, because all requests for that DNA testing, since 1995, were completely ignored and not ruled on by the state district court. Petitioner also submitted a proposed ORDER DIRECTING THE ADA COUNTY SHERIFF AND BOISE POLICE DEPARTMENT TO RELEASE EVIDENCE INTO THE CUSTODY OF DENNIS BENJAMIN, ATTORNEY AT LAW. The state district court, Darla S. Williamson, wrote "DENIED" on the front of it and it was filed on August 8, 2005. On page 2 thereof, the state district court hand-wrote: "Denied. Mr. Benjamin may examine the evidence if he so desires, under the supervision of the applicable Department." See Petitioner's Notice of Lodging filed contemporaneously herewith. Mr. Benjamin advised this Petitioner that he attempted to examine the towel evidence by calling Ada County Property, but his calls were never returned.

On November 3, 2005, Petitioner formally filed Motion for an Order to Preserve Evidence, the towel evidence. On the front of the motion, the state district court hand-wrote: "Rule 38(c) requires the court to preserve evidence in which a life sentence has been imposed. No motion to preserve is necessary. Darla S. Williamson. Judge 11--3-05". See Petitioner's Notice of Lodging filed ocntemporaneously herewith. "Rule 38(c)" is the current Idaho Court Administrative Rule, which is inapplicable

MOTION FOR LEAVE TO FILE SUPPLEMENTAL HABEAS PETITION - 12

to the towel evidence, because the towel evidence was "used, displayed or considered in connnection with [Petitioner's criminal case in 1995]". Rule 38(e)(1), Idaho Court Administrative Rules, effective July 1, 1995, through Petitioner's direct appeal from the criminal conviction. Rule 38(e)(1), ICAR, allowed the destruction of the towels under the following circumstances: "[The towel(s)] may be destroyed or disposed of by the Clerk of the Court pursuant to order of the court, after ten (10) days notice to the parties, when the exhibits or property are no longer necessary for the determination of the action or appeal of such action." Please see, Memorandum in Support, filed contemporaneously herewith.

On or about November 8, 2005, Petitioner, in case numbered HCR 21080, filed a motion to reconsider order denying defendant's motion for an order to preserve evidence. A hearing was held on December 8, 2005, where the district court directed Julianne Meehan to find out if the towel(s) were still with the Boise Police Department or Ada County Prosecutor's Office and, if so, to implement a chain of possession to transfer the towel evidence to the court's vault for "safe-keeping."

In the interim, Camen Jacobsen contacted the Ada County Property/Evidence at (208) 377-6630 and spoke with "Vickie" regarding "DR # 703-701 Case No. HCR 21080 and a property invoice dated 02/06/1994, specifically regarding Items No. 9 and 10 of the said property invoice. Item No. 9 is a pink white bath towel Item No. 10 is a small white dish towel." According to Carmen Jacobsen, basing her affidavit "upon personal knowledge:

MOTION FOR LEAVE TO FILE SUPPLEMENTAL HABEAS PETITION - 13

6. Initially Vickie could not locate the items advised me she would call me back at a later time as to her findings. Vickie did indeed call me back and advised me that items No. 9 and 10 are indeed held in the evidence section of Ada County Sheriff Boise Police Department Property. Vickie further inquired if I wanted to retrieve those items and, if so, that I would have to retain a release from Gregory J. Nelson to obtain those items. I advised Vickie that those items of evidence needed to stay there until such time as a chain of possession could be drawn up and an officer of the court transport Items 9 and 10 to the court's vault for safe keeping.

7. I further advised Vickie that those items are evidence and need to be kept safe."

Affidavit of Carmen Jacobsen, dated and Notarized by Cathy Buster on the 24th day of February, 2006. Please see, Petitioner's Notice of Lodging of Exhibits filed contemporaneously herewith.

On March 24, 2006, the state district court entered Memorandum Decision and Order Dismissing Petitioner's Third Application for Post-Conviction Relief, case nos. CV-PC-2006-01180/HCR 21080 (Dennis Benjamin, Attorney at Law, has Petitioner's only copy of this Order). Said Order described the Affidavit of Julianne Meehan, where she indicated that the towels (items No. 9 & 10) were destroyed. Petitioner received no notice, much less ten (10) days notice, of that alleged destruction of the towel evidence.

Twelve (12) days after the March 24, 2006 Order, Petitioner received AFFIDAVIT OF JULIANNE MEEHAN RE: DISPOSITION OF PROPERTY, on April 5, 2006, where Julianne Meehan asserted that the towels were destroyed on November 3, 1997, while Petitioner's direct appeal was pending. The towel or towels were a subject of that direct appeal (Appellant's Brief, pp. 26-27; S.C. No. 22666).

MOTION FOR LEAVE TO FILE SUPPLEMENTAL HABEAS PETITION - 14

On April 7, 2006, Petitioner filed a motion to reconsider the March 24, 2006 memorandum decision and order and requested oral argument on the face of that motion and notified the court that a memorandum would be filed , inter alia, within fourteen (14) days. On April 21, 2006, Petitioner did file a timely memorandum under the mailbox rule, as was the motion to reconsider. However, despite Rule 7(b)(3), IRCP, the state district court dismissed Petitioner's motion to reconsider <u>before</u> it received Petitione's memorandum in support. Please see, Petitioner's Notice of Lodging of Exhibits, filed contemporaneously herewith, to view the state district court's memorandum decision and order, filed on April 24, 2006. Petitioner immediately filed a notice of appeal to it and the previous memorandum decision and order currently retained by Dennis Benjamin, Attorney at Law.

Claim 54 ¶ 272 (qq)(a) ("Failure to investigate Kori McNeil") was not ruled upon by the state district court and Petitioner could not address that claim on appeal for the same reasons for Claims 54 ¶ 272(e)(1) ("Failure to investigate baby oil") and 26 (D. OTHER) also known as Claim 7 D. OTHER, because the Idaho Supreme Court denied Petitioner's request to proceed pro se and file a supplemental appellant's brief, both by motion and petition for review and brief in support.

Therefore, Petitioner requests to supplement the Amended Petition for WRit of Habeas Corpus with the following additioanl claims because the following claims are related to the claims

MOTION FOR LEAVE TO FILE SUPPLEMENTAL HABEAS PETITION - 15

in the Amended Petition and are the result of factual events

which transpired after the filing of the Amended Petition:

### CLAIM 55

PETITIONER WAS DENIED HIS CONSTITUTIONAL RIGHT TO THE
EFFECTIVE ASSISTANCE OF COUNSEL WHEN TRIAL COUNSEL FAILED TO
INVESTIGATE CRITICAL EXCULPATORY EVIDENCE IN VIOLATION OF THE
FIFTH, SIXTH, AND FOURTEENTH AMENDMENTS TO THE UNITED STATES
CONSTITUTION

### CLAIM 56

PETITIONER WAS DENIED THE EFFECTIVE ASSISTANCE OF COUNSEL
AND COMPLETE DENIAL OF COUNSEL, IN VIOLATION OF THE FIFTH, SIXTH,
AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION,
WHEN TRIAL COUNSEL FAILED TO TIMELY INVESTIGATE CRITICAL
EXCULPATORY AND MATERIAL EVIDENCE RESULTING IN ITS DESTRUCTION
AND THE COMPLETE DENIAL OF COUNSEL RELATING TO THE TESTING OF
THE TOWELS BY AN EXPERT REQUESTED PRO SE

### CLAIM 57

THE POLICE AND THE PROSECUTION DESTROYED IN BAD FAITH
EXCULPATORY AND MATERIAL EVIDENCE (THE TOWELS) IN VIOLATION
OF THE FIFTH, SIXTH, AND FOURTEENTH AMENDMENTS TO THE UNITED
STATES CONSTITUTION

Petitioner has filed, contemporaneously herewith, Memorandum

in Support.

### CONCLUSION

The motion should be granted.

Oral argument is hereby requested.

Respectfully submitted on this  1st  day of May, 2006.

GREGORY JOSEPH NELSON
Petitioner

MOTION FOR LEAVE TO FILE SUPPLEMENTAL HABEAS PETITION - 16

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this _12__ day of May, 2006, I caused to be served/filed, true and correct copies and original, as set forth below, of the above and foregoing of, MOTION FOR LEAVE OF COURT TO FILE SUPPLEMENTAL PETITION FOR WRIT OF HABEAS CORPUS, by placing the same, in envelopes or packaging, first class postage prepaid, United States Mail, via the ISCI prison legal mail system and addressed to each of the following:

L. LAMONT ANDERSON
Deputy Attorney General
Chief, Capital Litigation Unit                 ONE COPY
P.O. Box 83720
Boise, Idaho 83720-0010


CAMERON S. BURKE
Clerk, U.S. District Court                     ORIGINAL,
District of Idaho                              ONE COPY,
550 West Fort Street, MSC 042                  AND ONE COPY
Boise, Idaho 83724                             OF CAPTION
                                               PAGE FOR
                                               CONFORMING


_____
GREGORY J. NELSON


MOTION FOR LEAVE TO FILE SUPPLEMENTAL HABEAS PETITION - 17