**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF IDAHO**

GREGORY JOSEPH NELSON,

Petitioner,

v.

RANDY BLADES,

Respondent.

Case No. CV 04-001-S-LMB

**MEMORANDUM DECISION AND ORDER**

Currently pending before the Court in this habeas corpus matter are Respondent's Motion for Partial Summary Dismissal (Docket No. 40), Petitioner's Motion for Leave to File a Supplemental Petition for Writ of Habeas Corpus (Docket No. 47), Respondent's Motion to Strike (Docket No. 59), Petitioner's Motion for the Appointment of Counsel (Docket No. 62), Petitioner's Motion to Proceed In Forma Pauperis in support of his Motion for the Appointment of Counsel (Docket No. 63), and Petitioner's Motion to Strike (Docket No. 65). The parties have consented to the jurisdiction of a United States Magistrate Judge, in accordance with 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73. (Docket Nos. 4 & 5.)

The Court has reviewed the parties' briefing, together with the record herein, and has concluded that these matters will be decided on the basis of the written record without oral argument. Dist. Idaho Loc. Civ. R. 7.1(d). Accordingly, the Court enters the following Memorandum Decision Order.

## I.

## BACKGROUND

In 1995, Petitioner Gregory Nelson was convicted in state court of one count of first-degree kidnapping and one count of lewd conduct with a minor, and he was sentenced to two concurrent terms of life in prison without the possibility of parole. (State's Lodging A-2, pp. 373–78.) His direct appeal and first post-conviction action were unsuccessful. (State's Lodgings B-6, D-4, D-7.)

On January 2, 2004, Petitioner initiated the current federal habeas proceeding, raising twelve claims for relief in his Petition. (Docket No. 1.) Respondent filed a Motion for Partial Summary Dismissal, claiming that all but one of the claims in the Petition were procedurally defaulted. (Docket No. 11.) Before that Motion was resolved, Petitioner filed an Amended Petition, raising fifty-four claims. (Docket No. 14.)

Because Petitioner still had a successive application for post-conviction relief pending in the state courts, the Court subsequently stayed the federal case while Petitioner completed his state court appeal. (Docket No. 29.) The Idaho Court of Appeals later affirmed the lower court, and the Idaho Supreme Court declined a request to review the case. (State's Lodgings J-5, J-11.) On January 7, 2006, this Court lifted the stay. (Docket No. 36.)

Pursuant to the Court's scheduling order, Respondent filed another Motion for Partial Summary Dismissal, contending that all but two of the claims in the Amended Petition must be dismissed as procedurally barred. (Docket No. 40.) On the same date, Petitioner requested leave to add three new claims. (Docket Nos. 47, 48, & 49.) He has also moved for the appointment of counsel. Respondent objects to these requests and has moved to strike various affidavits and exhibits that Petitioner has lodged. These matters are now ripe for the Court's decision.

**II.**

**MOTION FOR THE APPOINTMENT OF COUNSEL**

The Court previously denied Petitioner's request for the appointment of counsel in this matter. He has now renewed that request.

After reviewing the pleadings and the record, the Court again concludes that Petitioner has been able to articulate his legal claims in a coherent fashion, and it is unclear at this point whether an evidentiary hearing will be necessary or whether any of Petitioner's claims are meritorious. For these reasons, the Motion will be denied. *See Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983).

**III.**

**PETITIONER'S MOTION FOR LEAVE TO AMEND**

Petitioner seeks to "supplement" his Amended Petition with three new claims that relate to the disclosure and testing of towels that the police seized and removed from Petitioner's trailer home. In two of the claims, Petitioner contends that his trial counsel was constitutionally ineffective in failing to have these items preserved and tested to determine whether they had exculpatory value. In his third proposed claim, Petitioner alleges that the prosecutor violated his due process rights when the towels were allegedly destroyed in 1997, after trial but before the completion of the direct appeal. Respondent objects to Petitioner's request to include the claims in this proceeding.[1]

An application for habeas relief may be amended "as provided in the rules of procedure applicable to civil actions." 28 U.S.C. § 2242. Rule 15 of the Federal Rules of Civil Procedure governs the amendment of pleadings. According to the Rule, when a party has previously

---

[1] Petitioner's Motion to Strike Respondent's Response will be denied. The Response will be deemed timely.

amended a pleading, as here, the party must receive the court's permission, but leave to amend "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). Although there is a strong policy in favor of allowing an amendment, the Court retains the discretion to deny the request after considering factors such as bad faith, undue delay, prejudice to the opposing party, futility of the amendment, and the number of previous amendments. *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995).

In the present case, the Court does not find that Petitioner has intentionally withheld the presentation of the new claims for purposes of delay, and, while Respondent's argument that the claims are procedurally defaulted and untimely may eventually prove to be correct, the Court cannot conclude that an amendment would be futile on those grounds.[2] In addition, Respondent will not be significantly prejudiced, as he has not sought dismissal of the entire case and has not yet filed an answer. Respondent is free to include any arguments for dismissal of the new claims in his answer or in another dispositive motion at the appropriate time.

## IV.

## RESPONDENT'S MOTION TO STRIKE

Next, Respondent contends that Petitioner's attempt to present new evidence in this proceeding, in the form of affidavits and exhibits, is precluded by 28 U.S.C. § 2254(e)(2). That statutory provision prohibits evidentiary development on the merits of habeas claims in federal court when a petitioner failed to develop the facts in state court, unless certain limited exceptions apply. *Williams v. Taylor*, 529 U.S. 420, 432 (2000).

---

[2] For example, there may be a debatable point regarding whether the procedural bar on which the Idaho Court of Appeals relied to reject Petitioner's ineffective assistance of trial counsel claim in his most recent appeal was clear, well-established, and consistently applied. While the Court of Appeals cited *Hernandez v. State*, 133 Idaho 794, 992 P.2d 789 (Ct. App. 1999), it failed to cite or discuss the potentially more pertinent case of *Palmer v. Dermitt*, 102 Idaho 591, 595–96, 635 P.2d 955, 959–60 (1981). (State's Lodging J-5, pp. 5–6 n.2.)

The merits are not yet at issue. To the extent that Petitioner's affidavits and exhibits may have some relevance to procedural default matters, the Court will consider them. Accordingly, Respondent's Motion will be denied, but he may renew his argument regarding the application of § 2254(e)(2) when the merits of any non-dismissed claims are ripe for review.

**V.**

**MOTION FOR PARTIAL SUMMARY DISMISSAL**

In his Motion for Partial Summary Dismissal, Respondent contends that except for Claims 3 and 19, Petitioner did not present his habeas claims at the correct time or in the correct manner in state court and the claims are now procedurally defaulted. Petitioner concedes dismissal of Claims 5, 6, 12, 16, 27, 29, 31, 35, 37, 51, and 52, as well as aspects of Claim 54, but contests dismissal of all other claims. (Docket No. 52, pp. 8-9; Docket No. 58, pp. 3, 8.)

For the reasons that follow, the Court will reserve its final decision on the exhaustion status of Claims 1, 2, and a portion of Claim 15. The Court will dismiss Claims 4–14, 16–18, and 20–54 with prejudice as procedurally barred. Claims 55, 56, and 57 are not subject to the Motion under consideration and will not be dismissed at this time.

**A. Legal Standards Governing Exhaustion and Procedural Default**

A state prisoner must exhaust his state court remedies before a federal court can grant relief on the merits of a claim. 28 U.S.C. § 2254(b)(1)(A). The exhaustion requirement is designed to promote comity and federalism by giving the state courts an initial opportunity to correct constitutional errors before the prisoner turns to the federal courts for relief. *Duncan v. Walker*, 513 U.S. 364, 365 (1995).

A habeas court must determine not only whether a habeas petitioner has exhausted his remedies in state court, but also whether he exhausted those remedies *properly*. *O'Sullivan v.*

*Boerckel*, 526 U.S. 838, 848 (1999). To do so, he must have "fairly presented" the alleged constitutional error at each level of state appellate review, alerting the state courts of the federal nature of the claim. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004). If a state's appellate system includes the possibility of discretionary review in the highest state court, then to comply with the requirement of fair presentation, the petitioner must have raised his constitutional claim in a petition for review. *Boerckel*, 526 U.S. 838, 845.

The mere similarity between a federal claim and a state law claim does not constitute fair presentation of the federal claim. *Duncan*, 513 U.S. at 365–66. Moreover, a state court is not required to read beyond the petition for review, brief, or similar document that is before it in order to discern whether the petitioner intended to raise a federal issue. *Reese*, 541 U.S. at 32. Rather, he must cite the constitutional provision that supports his claim or rely on cases that apply the constitutional rule. *Lyons v. Crawford*, 232 F.3d 666, 670 (9th Cir. 2000); *Peterson v. Lampert*, 319 F.3d 1153, 1158 (9th Cir. 2003).

The failure to present a constitutional claim in state court will result in a procedural default if it is clear that the petitioner would now be barred from raising the claim under the state's procedural rules. *Gray v. Netherland*, 518 U.S. 152, 161 (1996). A habeas claim is also defaulted when the petitioner actually raised the claim in state court, but the state court denied or dismissed it after invoking a procedural bar that is independent of federal law and is adequate to support the judgment. *Coleman v. Thompson*, 501 U.S. 722, 729–30 (1991).

A procedurally defaulted claim will not be considered in a habeas proceeding unless the petitioner can establish cause for his default and actual prejudice, or he can show a miscarriage of justice in his case, which means that he is probably innocent. *Coleman*, 501 U.S. at 750. To show "cause," the petitioner must ordinarily demonstrate that some objective factor external to

the defense impeded his or his counsel's efforts to comply with the state procedural rule at issue. *Murray v. Carrier*, 477 U.S. 478, 488 (1986). To show "prejudice," the petitioner bears the burden of demonstrating that the errors "worked to his actual and substantial disadvantage, infecting his entire [proceeding] with errors of constitutional dimension." *United States v. Frady*, 456 U.S. 152, 170 (1982).

## B. Discussion and Analysis

Claim 1

Petitioner first contends that his Sixth and Fourteenth Amendment rights were violated because the trial court "failed to make a record, failed to advise Petitioner, and failed to inquire" after learning that a note found under a juror's chair contained the words "not guilty." (Docket No. 14, p. 2.) During his direct appeal, Petitioner sufficiently alerted the Idaho Court of Appeals to the federal basis for his claim by citing cases that discussed jury tampering and jury misconduct as constitutional issues, and the Court of Appeals reached the merits of the claim.[3] *State v. Nelson*, 131 Idaho 210, 219, 953 P.2d 650, 659 (Ct. App. 1998)

The more difficult problem for Petitioner is that he did not squarely present the constitutional basis to the Idaho Supreme Court in his Petition for Review, which is a requirement for proper exhaustion. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). Petitioner's counsel instead attempted to incorporate the opening brief that the Court of Appeals considered into the brief that he filed in support of the Petition for Review. (State's Lodging

---

[3] This Court is not persuaded by Respondent's argument that Petitioner did not fairly present the constitutional issue to the Court of Appeals because he submitted it within the context of a larger challenge to the trial court's denial of his motion for new trial. Petitioner argued that the lower court erred in denying his motion, in part, precisely because his constitutional right to a fair and impartial jury had been jeopardized by the trial court's failure to inquire into the matter. The Court of Appeals denied this claim without relying on a procedural bar. Conversely, had the Court of Appeals refused to reach the merits after determining that the issue could not be raised in the district court or on appeal under the state's procedural rules, as it did for Claims 9, 10 and 11, then the claim would be procedurally defaulted.

B-8.) The parties disagree as to whether counsel was successful in this endeavor and, if so, whether his attempt satisfied the requirement of fair presentation.

Recently, the United States Supreme Court reiterated that a habeas petitioner's failure to supply the federal basis for a claim in the brief or petition before the highest state appellate court means that the claim was not fairly presented. *Baldwin v. Reese*, 541 U.S. 27 (2004). In *Reese*, the Supreme Court determined that a state court need look only to the brief or petition that has been submitted in support of a request for review, and ordinarily it is not required to search other documents filed in lower courts. *Id*. at 32.

Unlike the present case, however, the petitioner in *Reese* did not attempt to incorporate the lower court brief by reference, and, although *Reese* may inform the analysis, it does not seem to speak directly to that situation. Presumably, proper exhaustion under these circumstances will likely depend on whether the highest state court will consider claims through incorporation of the brief considered by a lower appellate court. *See Insyxiengmay v. Morgan*, 403 F.3d 657, 668–69 (9th Cir. 2005) (examining state law in relation to incorporating documents attached to a petition); *see also Lockheart v. Hulik*, 443 F.3d 927, 929 (7th Cir. 2006) (noting that whether incorporation by reference will satisfy the fair presentation requirement turns on what is permissible under state law). The parties have not directly addressed whether an Idaho state prisoner can satisfy the fair presentation requirement in this manner. Therefore, the Court will reserve its decision whether this claim has been fairly presented until the parties have had an opportunity to more fully brief this issue.

<u>Claim 2</u>

Petitioner next contends that he was denied his Fifth, Sixth, and Fourteenth Amendment rights when the trial court "did not permit Petitioner to fairly represent himself and make a

defense," based on the trial court's refusal to grant a requested continuance. (Docket No. 14, p. 2.) As with the first claim, Petitioner supplied a federal basis for this issue in the Idaho Court of Appeals, but he failed to re-raise it in the Idaho Supreme Court. Unless his attempt to incorporate the lower court brief was sufficient, this claim is defaulted. For the same reason, this Court will reserve its ruling.

Claim 4

Petitioner alleges that his Fifth, Sixth, and Fourteenth Amendment rights were violated when the Idaho Supreme Court did not allow him to proceed pro se during his initial post-conviction appeal or to file a supplemental appellant's brief. This claim was not fairly presented in state court as a constitutional issue, and because the time for doing so has passed, it is now defaulted.

Additionally, the United States Supreme Court has never held that a convicted defendant has a constitutional right to represent himself during a collateral appeal; indeed, it has specifically held that a defendant has no right to self-representation during a *direct* appeal. *Martinez v. Court of Appeal of California*, 528 U.S. 152, 163–64 (2000). Therefore, Petitioner would be unable to show that the state court's decision to deny his request to represent himself involved an unreasonable application of or was contrary to clearly established federal law as determined by the Supreme Court. 28 U.S.C. § 2254(d)(1). This claim will be dismissed.

Claims 7 and 8

In these related claims, Petitioner alleges that he was deprived of due process of law because he was unable to challenge the composition of the grand jury before an indictment was issued. He also alleges that he was deprived of his constitutional right to the assistance of counsel in bringing such a challenge.

Petitioner arguably raised similar claims in a state habeas corpus petition, but the Idaho Court of Appeals dismissed the appeal in that matter after determining that Petitioner's Notice of Appeal from the magistrate's division was untimely. (State's Lodging H-6.) In an order denying Petitioner's Petition for Rehearing, the Court of Appeals adhered to its original decision and further concluded that Petitioner's issues were moot. (State's Lodging H-11.) The Idaho Supreme Court declined to review the case. As a result, these claims are procedurally defaulted.

To avoid this result, Petitioner argues that his Notice of Appeal was timely, and he challenges the consistency of the application of the "prison mailbox rule" to inmate filings in the Idaho state courts. *See Wells v. Maass*, 28 F.3d 1005, 1010 (9th Cir. 1994) (to be adequate to prevent federal review, the state procedural rule must be clear, consistently applied, and well-established at the time of the default). Petitioner does not account for the alternative ruling that his claims were moot, and the default stands on that basis regardless of the resolution of the timeliness issue.

In addition, Petitioner would not be entitled to relief even if the default were excused. When this matter was raised in the trial court, the judge ruled that Petitioner had not waived his right to challenge the composition of the grand jury. (State's Lodging A-1, pp. 90–91; State's Lodging A-3, pp. 44–46.) The judge invited Petitioner's counsel to contact the Jury Commissioner to inquire into how the grand jury was selected, or to seek an order from the Administrative Judge for a transcript of the selection of the grand jury. (State's Lodging A-3, pp. 44–46.) Consequently, because the trial court gave Petitioner an opportunity to challenge the panel, he cannot now allege that he was deprived of due process merely because he was unable to do so *before* he was indicted. More importantly, Petitioner has never alleged any specific grounds for contesting the composition of the grand jury in this case.

For these reasons, the Court concludes that Claims 7 and 8 will be dismissed as procedurally defaulted and as lacking in merit.

Claim 9

Petitioner next contends that the prosecutor made inflammatory statements in her closing argument, violating Petitioner's right to a fair trial and due process under the Sixth and Fourteenth Amendments. Petitioner attempted to raise this issue as part of a motion for new trial after he had been found guilty. The district court concluded that prosecutorial misconduct was not a proper basis for such a motion under Idaho law. That decision was affirmed on appeal, and the Idaho Court of Appeals refused to reach the merits. *State v. Nelson*, 131 Idaho 210, 218, 953 P.2d 650, 658 (Ct. App. 1998). Petitioner's bare and conclusory reference to "fundamental error" in the Idaho Supreme Court is not sufficient to fairly present a Sixth and Fourteenth Amendment basis, and Claim 9 is defaulted.

Petitioner argues that the default should be excused because his attorney did not frame the issue properly on appeal. Although constitutionally-ineffective assistance of counsel may provide a valid cause to excuse the default of another habeas claim, the petitioner must have properly exhausted the claim of ineffective assistance itself before the Court can excuse a procedural default. *Edwards v. Carpenter*, 529 U.S. 446, 454 (2000). Here, Petitioner has never presented an independent claim to the Idaho Supreme Court that his counsel was ineffective in failing to raise this prosecutorial misconduct claim properly on appeal, and, under *Edwards*, such an argument cannot now serve as cause to excuse the default.

Claim 10

In a claim ostensibly brought under *Brady v. Maryland*, 363 U.S. 83 (1963), Petitioner contends that his due process right to the disclosure of exculpatory evidence was violated

because the prosecutor "failed to produce, during discovery and prior to trial, evidence material to guilt or punishment." (Docket No. 14, p. 7.) Petitioner lists several evidentiary items he believes should have been disclosed. (Docket No. 14, pp. 7–8.) While he raised a claim in the Idaho Court of Appeals during his direct appeal regarding the State's failure to provide "discovery" of some of these items (State's Lodging B-1, p. 26), the Court of Appeals declined to reach the merits for the same reason that it did not reach the merits of Petitioner's other prosecutorial misconduct claim; namely, because a motion for new trial was not the correct procedural vehicle in which to bring such a claim. *See Nelson*, 131 Idaho at 218, 953 P.2d at 658. The claim was procedurally barred during the direct appeal.

Petitioner also appears to have raised a similar *Brady*-type issue in his initial post-conviction petition. He now argues that he either properly exhausted this claim when he requested leave to file a pro se supplemental brief during the appeal from the dismissal of that petition, or that the state court's denial of his request serves as the cause for the default.

Assuming, without deciding, that a state court's refusal to permit a supplemental brief can satisfy the exhaustion requirement or will excuse a default, at the very least a petitioner must have alerted the highest state court as to the nature of the constitutional claim or claims that he would like to place before it. *Cf. Clemmons v. Delo*, 124 F.3d 944, 947–48 (8th Cir. 1997) (finding proper exhaustion when the prisoner had requested permission to file a supplement brief so that he could bring a *Brady* claim, among many others, before the state appellate court, but that request was denied). In this case, apart from vague generalities, the additional issue that Petitioner expressly stated that he wished to bring before the Idaho Supreme Court was that the trial court had erred in dismissing some of his post-conviction claims on different grounds than those put forth in the State's Motion to Dismiss. (State's Lodgings D-5 and D-6.) A specific

example he gave was a claim related to the expiration of the grand jury's term. (State's Lodging D-6, pp. 14–17.) Petitioner did not include this *Brady* claim in his Motion for Substitution of Counsel, Petition for Review, or Brief in Support of Petition for Review. (State's Lodgings D-5 & D-6, pp. 14–17.) Accordingly, the Court is not persuaded by Petitioner's argument that the state court's denial of his request saves this claim.

Claim 11

Petitioner alleges that his federal due process rights were violated when the trial court allowed certain slides to be referred to as "inculpatory" after it had previously ruled that the slides could not be played for the jury. A related issue was included as part of Petitioner's motion for new trial, and the Idaho Court of Appeals declined to reach the merits. (State's Lodging B-1, pp. 26–27.) As with Claims 9 and 10, this claim is procedurally defaulted. Similarly, Petitioner's attempt to resubmit the issue during his initial post-conviction proceeding is not sufficient, as the claim was not raised in the Idaho Supreme Court during that collateral appeal.

Claims "12A" through 14

In these claims, Petitioner alleges that his Fourteenth Amendment right to equal protection of the law was violated because of various defects related to the grand jury process, including the denial of Petitioner's right to a preliminary hearing under state law, a perceived lack of sufficient evidence to support the grand jury's indictment, and the prosecutor's alleged failure to disclose exculpatory evidence to the grand jury. Petitioner raised claims of error related to the grand jury during his direct appeal, but he relied entirely on state law. (State's Lodgings B-1, B-6.) The federal basis for these claims has not been properly exhausted, and the time to do so has passed.

Claims 15 and 17

Petitioner contends that the introduction of certain evidence during trial violated his Sixth and Fourteenth Amendment rights. Petitioner raised evidentiary issues in the Idaho Court of Appeals, but he framed them almost exclusively as questions of state law. The only exception is Petitioner's argument that the cumulative nature of hearsay evidence violated his constitutional right to due process, which he brings here as part of Claim 15. (State's Lodging B-1, p. 20.) Whether Claim 15, limited to that matter only, is properly exhausted depends on the resolution of the incorporation by reference issue. All other constitutional arguments in Claims 15 through 17 were not fairly presented, and they are now procedurally defaulted. Moreover, contrary to Petitioner's argument, he did not attempt to federalize the claims when he sought to file a pro se supplemental brief during his first post-conviction appeal.

Claim 18

This claim is subsumed by Claim 2, and is controlled by the Court's analysis related to that claim.

Claim 20

Petitioner concedes to dismissing this claim except for his contention that the harshness of his sentences resulted from the trial court's desire to punish him for exercising his constitutional rights. (Docket No. 58, p. 7.) In state court, Petitioner contended that the trial court abused its discretion in sentencing as a matter of state law. Although he mentioned, in passing, that he believed he was being punished for exercising his rights, he did so solely as a part of his abuse of discretion argument. He did not cite a specific constitutional provision or case analyzing alleged retaliation in sentencing as a federal issue. This claim was not fairly presented and is now procedurally defaulted.

Furthermore, the Idaho Court of Appeals dismissed any notion that Petitioner was punished for exercising his rights in the lower court, finding "nothing in the record to support [Petitioner's] claim that the sentences were the product of retaliation." *Nelson*, 131 Idaho at 221, 953 P.2d at 661. Because Petitioner has not alerted this Court to anything that would undermine that determination, the Court finds the state court's assessment to be reasonable. Thus, even if this claim were not defaulted, Petitioner would be unable to show that the state court's decision involved an unreasonable application of or was contrary to clearly established federal law, or that it was based on an unreasonable determination of the facts in light of the evidence presented. 28 U.S.C. § 2254(d).

Claim 21

Petitioner contends that his sentences violate the "double jeopardy" provisions of Idaho Code § 18-301. He attempts to transform this issue here into a federal claim by citing the Fifth and Fourteenth Amendments, but did not raise it in that manner in state court.

Claims 22 through 54

The remaining claims appear to be duplicates of the issues that Petitioner raised during his initial post-conviction proceeding, now with a constitutional provision attached, some of which are themselves repetitive of other claims. The only issue that Petitioner's counsel presented on appeal in that collateral proceeding was that trial counsel was constitutionally ineffective in failing to file a motion for reduction of sentence under Idaho Criminal Rule 35. That particular allegation is raised again here as Claim 3 and is not subject to Respondent's Motion for Partial Summary Dismissal.

Petitioner concedes that Claims 27, 29, 31, 35, 37, 51, and 52 and aspects of Claim 54 should be dismissed for lack of merit. (Docket No. 58, p. 8.) Of the remainder, Petitioner

contends that the denial of his request to file a supplemental brief either serves as proper exhaustion or otherwise excuses any default. As noted, Petitioner did not indicate to the state supreme court that he wished to raise all of these constitutional issues; instead, he focused on the district court's failure to provide him with adequate notice before dismissing some claims on grounds not enumerated by the State, and he provided an example related to the term of the grand jury (a claim for which he concedes dismissal here). Accordingly, Claims 22 through 54 will be dismissed.

## VI.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED:

1. Petitioner's Motion for Leave to File a Supplemental Petition for Writ of Habeas Corpus (Docket No. 47) is GRANTED. Petitioner's proposed Claims 55, 56, and 57, will be considered in this proceeding.

2. Respondent's Motion to Strike (Docket No. 59) is DENIED.

3. Petitioner's Motion for the Appointment of Counsel (Docket No. 62) is DENIED. Petitioner's Motion to Proceed In Forma Pauperis in support of his Motion for the Appointment of Counsel (Docket No. 63) is DENIED as MOOT.

4. Petitioner's Motion to Strike (Docket No. 65) is DENIED.

5. Respondent's Motion for Partial Summary Dismissal (Docket No. 40) is GRANTED in part and DENIED in part without prejudice. Claims 4–14, 16–18, 20–54 shall be DISMISSED. The Court reserves its decision as to whether Claims 1 and 2 and a limited portion of Claim 15 must be dismissed as procedurally defaulted.

6. No later than sixty (60) days after entry of this Order, Respondent shall file an Answer to Claims 1, 2, 3, 15, 19, 55, 56, and 57, as provided in Rule 5 of the Rules Governing Section 2254 Cases.

7. No later than thirty (30) days after the filing of the Answer, the parties shall file any motions for summary judgment or other dispositive motions. Responses to summary judgment or other dispositive motions are due within thirty (30) days of receipt of a motion. Replies, if necessary, shall be filed within fourteen (14) days after receiving a response. The deadlines in this Order supersede those specified in the "Notice to Pro Se Litigants of the Summary Judgment Rule Requirements."




DATED: **October 5, 2006**.

Larry M. Boyle
United States District Court